## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| **Dora Dayton,** | Civil Action No. 3:17-cv-392 |
| **Plaintiff,** | |
| **vs.** | |
| **Charlotte - Mecklenburg Hospital Authority d/b/a Carolinas Healthcare System, and Bryan May,** | **DEFENDANT CAROLINAS HEALTHCARE SYSTEM'S ANSWER** |
| **Defendants.** | |

COMES NOW Defendant, The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System ("CHS" or "Defendant CHS"), by and through its counsel, and responds to the allegations in the above-referenced Complaint as follows:

### NATURE OF THE ACTION

1.      CHS admits that Plaintiff's Complaint purports to assert causes of action of discrimination in violation of the Americans with Disabilities Act, wrongful discharge in violation of public policy, and defamation against it and/or Defendant Bryan May ("Defendant May") but denies that it violated any of the aforementioned statutes with respect to Plaintiff or that Plaintiff is entitled to any of the damages or relief that she seeks in this matter.

2.      CHS admits that Plaintiff's Complaint seeks the categories of damages contained in Paragraph 2 but denies that Plaintiff is entitled to any of the damages or relief that she seeks in this matter.

## JURISDICTION AND VENUE

3.      CHS has properly removed this case and therefore denies the allegations in Paragraph 3.

4.      CHS has properly removed this case and therefore denies the allegations in Paragraph 4.

## PARTIES

5.      On information and belief, CHS admits the allegations in Paragraph 5.

6.      On information and belief, CHS admits the allegations in Paragraph 6.

7.      CHS admits the allegations in Paragraph 7.

8.      CHS admits the allegations in Paragraph 8.

## PROCEDURAL REQUIREMENTS

9.      CHS has attached to this Answer, as Exhibit 1, a copy of the Charge of Discrimination that Plaintiff references in this Paragraph.  CHS admits the allegations in Paragraph 9(a).  CHS denies the allegations in Subparagraph 9(b).  CHS admits the allegations in Subparagraph 9(c). On information and belief, CHS admits the allegations in Subparagraph 9(d). To the extent not expressly admitted, CHS denies the allegations in Paragraph 9.

## FACTUAL BACKGROUND

10.      CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and therefore denies same.

11.      CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies same.

12.      CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies same.

- 2 -

13.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies same.

14.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies same.

15.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies same.

16.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies same.

17.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies same.

18.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies same.

19.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore denies same.

20.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies same.

21.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore denies same.

22.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and therefore denies same.

23.     CHS admits that Plaintiff began working for CHS in 2011 as a nurse in One Day Surgery.  CHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23, and therefore denies same.

24.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and therefore denies same.

25.     CHS lacks knowledge or information sufficient to form a belief about what Plaintiff allegedly "noticed."  CHS denies the remaining allegations in Paragraph 25.

26.     CHS denies that its workplace was "unsafe and disrespect[ful]" or that Plaintiff's "superiors" spoke to her in "an aggressive manner."  CHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26, and therefore denies same.

27.     CHS denies that there were "problems" at the workplace as alleged in Paragraph 27.  CHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27, and therefore denies same.

28.     On information and belief, CHS admits that Plaintiff began seeing Dr. Anne Dickerson in or around October 2014.  CHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28, and therefore denies same.

29.     On information and belief, CHS admits that Dr. Anne Dickerson diagnosed Plaintiff with PTSD.  CHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29, and therefore denies same.

30.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and therefore denies same.

31.     CHS admits that Plaintiff provided countless materials to her co-workers about numerous topics, but CHS lacks knowledge or information sufficient to form a belief about whether the materials included information on PTSD and therefore denies the allegations in Paragraph 31.

- 4 -

32.    CHS admits that Plaintiff provided countless materials to her co-workers about numerous topics, but CHS lacks knowledge or information sufficient to form a belief about whether the materials included information on PTSD and therefore denies the allegations in Paragraph 32.

33.    CHS admits that Plaintiff had a disagreement with a male nurse anesthetist.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 33.

34.    CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and therefore denies same.

35.    CHS admits that Plaintiff spoke to Beatriz Rodriguez regarding the incident with the male nurse anesthetist.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 35.

36.    CHS admits that it received a letter dated December 3, 2015 from Dr. Dickerson stating that Dr. Dickerson had diagnosed Plaintiff with PTSD.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 36.

37.    CHS admits that on or about January 28, 2016, Dr. Dickerson and Carol Anne Weber had a telephone conversation and that during this telephone conversation Dr. Dickerson provided Ms. Weber information regarding Plaintiff's diagnosis of PTSD and provided possible accommodations but denies that all accommodations were reasonable or that Plaintiff is a qualified individual with a disability under the ADA.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 37.

38.    CHS admits the allegations in Paragraph 38.

39.    CHS admits that on or about February 2, 2016, Dr. Dickerson returned the Interactive Process Questionnaire, along with a short letter, and that the letter and questionnaire

- 5 -

speak for themselves. To the extent not expressly admitted, CHS denies the allegations in Paragraph 39.

40.     CHS admits that on or about February 2, 2016, Dr. Dickerson returned the Interactive Process Questionnaire and that the questionnaire speaks for itself. To the extent not expressly admitted, CHS denies the allegations in Paragraph 40.

41.     CHS admits that on or about February 2, 2016, Dr. Dickerson returned the Interactive Process Questionnaire and that and questionnaire speaks for itself. To the extent not expressly admitted, CHS denies the allegations in Paragraph 41.

42.     CHS admits that on or about February 2, 2016, Dr. Dickerson returned the Interactive Process Questionnaire and that and questionnaire speaks for itself. To the extent not expressly admitted, CHS denies the allegations in Paragraph 42.

43.     CHS admits that because Plaintiff worked in One Day Surgery and not emergency surgery, staff generally could see the list of scheduled cases and assigned staff in advance. To the extent not expressly admitted, CHS denies the allegations in Paragraph 43. CHS specifically denies that Plaintiff's requests did not cause scheduling or staffing problems.

44.     CHS admits that, on February 5, 2016, Plaintiff met with certain CHS employees. To the extent not expressly admitted, CHS denies the allegations in Paragraph 44.

45.     CHS admits that, on February 5, 2016, Plaintiff met with certain CHS employees, in part to discuss the paperwork submitted by Dr. Dickerson. To the extent not expressly admitted, CHS denies the allegations in Paragraph 45.

46.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and therefore denies same.

- 6 -

47.     CHS admits that Plaintiff was given verbal and written coachings for unprofessional behavior on numerous occasions during the course of her employment with CHS. To the extent not expressly admitted, CHS denies the allegations in Paragraph 47.

48.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, and therefore denies same.

49.     CHS admits that Plaintiff requested that she be permitted to "avoid triggering situations." To the extent not expressly admitted, CHS denies the allegations in Paragraph 49.

50.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50, and therefore denies same.

51.     CHS admits the allegations in Paragraph 51.

52.     CHS denies the allegations in Paragraph 52.

53.     CHS admits that Plaintiff was told that every effort would be made to accommodate her requests but that there were no guarantees. To the extent not expressly admitted, CHS denies the allegations in Paragraph 53.

54.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54, and therefore denies same.

55.     CHS lacks knowledge or information sufficient to form a belief about the truth of the vague allegations in Paragraph 55, and therefore denies same.

56.     CHS lacks knowledge or information sufficient to form a belief about the truth of the vague allegations in Paragraph 56, and therefore denies same.

57.     CHS lacks knowledge or information sufficient to form a belief about the truth of the vague allegations in Paragraph 57, and therefore denies same.

58.     CHS admits that Plaintiff was given a Fit For Duty exam in February 2016.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 58.

59.     CHS admits that Plaintiff reported to employee health.  CHS lacks knowledge or information sufficient to form a belief about whether Plaintiff was "confused" and therefore denies same.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 59.

60.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60, and therefore denies same.

61.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61, and therefore denies same.

62.     CHS lacks knowledge or information sufficient to form a belief about how Plaintiff allegedly felt, and therefore denies same.  CHS denies the remaining allegations in Paragraph 62.

63.     CHS lacks knowledge or information sufficient to form a belief about the truth of the vague allegations in Paragraph 63, and therefore denies same.

64.     CHS denies the allegations in Paragraph 64.

65.     CHS admits the allegations in Paragraph 65.

66.     On information and belief, CHS admits the allegations in Paragraph 66.

67.     CHS admits that, at some point, Defendant May began whistling and that, at some point thereafter, Plaintiff told him to stop.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 67.

68.     On information and belief, CHS denies the allegations in Paragraph 68.

69.     CHS admits that Plaintiff told Defendant May to stop whistling a second time.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 69.

- 8 -

70.     CHS denies the allegations in Paragraph 70.

71.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and therefore denies same.

72.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and therefore denies same.

73.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and therefore denies same.

74.     CHS admits that Plaintiff stated that she had PTSD and that she was raped while someone whistled.  CHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74, and therefore denies same.

75.     On information and belief, CHS admits that Defendant May apologized.  CHS lacks knowledge or information sufficient to form a belief about whether "Defendant May's face registered surprise and anxiety" and therefore denies same.  CHS denies the remaining allegations in Paragraph 75.

76.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and therefore denies same.

77.     CHS admits that Defendant May stepped out of the operating room.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 77.

78.     CHS admits that Plaintiff followed Defendant May out of the room.  CHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 78, and therefore denies same.

79.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79, and therefore denies same.

80.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80, and therefore denies same.

81.     CHS denies the allegations in Paragraph 81.

82.     CHS denies the allegations in Paragraph 82.

83.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83, and therefore denies same.

84.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84, and therefore denies same.

85.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85, and therefore denies same.

86.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86, and therefore denies same.

87.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87, and therefore denies same.

88.     CHS admits that Ms. Sitren asked Plaintiff to write a statement regarding the incident with Dr. May.  CHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 88, and therefore denies same.

89.     CHS admits that Ms. Sitren asked Plaintiff to write a statement regarding the incident with Dr. May.  CHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 89, and therefore denies same.

90.     CHS admits the allegations in Paragraph 90.

91.     CHS admits the allegations in Paragraph 91.

92.     CHS admits the allegations in Paragraph 92.

- 10 -

93.     CHS admits that Plaintiff e-mailed Ms. Sitren with a summary of her account of what occurred in the operating room and not after she left the operating room.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 93.

94.     CHS admits the allegations in Paragraph 94.

95.     CHS admits the allegations in Paragraph 95.

96.     CHS denies the allegations in Paragraph 96.

97.     CHS admits that the termination notice speaks for itself.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 97.

98.     CHS admits the termination notice speaks for itself.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 98.

99.     CHS admits that termination notice speaks for itself but lacks knowledge or information sufficient to form a belief as to what Plaintiff alleges she have "learned" and therefore, denies said allegations.   To the extent not expressly admitted, CHS denies the allegations in Paragraph 99.

100.    CHS admits that, shortly after the incident, Dr. May reported that Plaintiff accused him of assaulting her because he whistled again after she told him to stop and that she compared him to a rapist who had just assaulted a girl after she says "NO."  CHS lacks knowledge or information sufficient to form a belief as to whether "the two employees at the desk could see and hear the entire interaction."  To the extent not expressly admitted, CHS denies the allegations in Paragraph 100.

101.    CHS admits that the termination notice speaks for itself.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 101.

102.    CHS admits that the termination notice speaks for itself.  To the extent not expressly admitted, CHS denies the allegations in Paragraph 102.

103.    CHS denies the allegations in Paragraph 103.

104.    CHS denies the allegations in Paragraph 104.

105.    CHS denies the allegations in Paragraph 105.

106.    CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106, and therefore denies same.

107.    CHS denies the allegations in Paragraph 107.

108.    CHS denies the allegations in Paragraph 108.

109.    CHS denies the allegations in Paragraph 109.

110.    CHS denies the allegations in Paragraph 110.

111.    CHS denies the allegations in Paragraph 111.

112.    CHS denies the allegations in Paragraph 112.

113.    CHS denies the allegations in Paragraph 113.

114.    CHS denies the allegations in Paragraph 114.

115.    CHS denies the allegations in Paragraph 115.

116.    CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116, and therefore denies same.

117.    CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117, and therefore denies same.

118.    CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118, and therefore denies same.

Case 3:17-cv-00392-RJC-DSC   Document 12   Filed 08/14/17   Page 12 of 21

119.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119, and therefore denies same.

120.     CHS denies the allegations in Paragraph 120.

**CAUSES OF ACTION AND CLAIMS FOR RELIEF**
**FIRST CAUSE OF ACTION**
**Discrimination in Violation of the Americans with Disabilities Act**
**(Defendant CHS)**

121.     CHS incorporates by reference its responses to Paragraphs 1 through 120.

122.     CHS denies the allegations in Paragraph 122.

123.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123, and therefore denies same.

124.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124, and therefore denies same.

125.     CHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125, and therefore denies same.

126.     CHS admits that Plaintiff's counselor, Dr. Dickerson, recommended that that Plaintiff "be[] allowed to switch assigned rooms if assigned procedure or assigned medical staff could be triggering" and "be[] supported by supervisors and receiv[e] assurance that her concerns are being addressed adequately[.]"  To the extent not expressly admitted, CHS denies the allegations in Paragraph 126.

127.     CHS denies the allegations in Paragraph 127.

128.     CHS denies the allegations in Paragraph 128.

129.     CHS denies the allegations in Paragraph 129.

130.     CHS denies the allegations in Paragraph 130.

131.     CHS denies the allegations in Paragraph 131.

132.    CHS denies the allegations in Paragraph 132.

**SECOND CAUSE OF ACTION**
**Wrongful Discharge in Violation of Public Policy (WDPP)**
**(Disability Discrimination)**
**(Defendant CHS)**

133.    CHS incorporates by reference its responses to Paragraphs 1 through 132.

134.    CHS denies the allegations in Paragraph 134.

135.    CHS denies the allegations in Paragraph 135.

136.    CHS denies the allegations in Paragraph 136.

137.    CHS denies the allegations in Paragraph 137.

**Punitive Damages under North Carolina Common Law**
**(Defendant CHS)**

138.    CHS incorporates by reference its responses to Paragraphs 1 through 137.

139.    CHS denies the allegations in Paragraph 139.

140.    CHS denies the allegations in Paragraph 140.

141.    CHS denies the allegations in Paragraph 141.

142.    Paragraph 142 contains a legal conclusion to which no response is required.  To the extent a response is required, CHS denies the allegations in Paragraph 142.

143.    CHS denies the allegations in Paragraph 143.

**THIRD CAUSE OF ACTION**
**Slander Per Se**
**(Defendant May)**

144.    CHS incorporates by reference its responses to Paragraphs 1 through 143.

145.    Paragraph 145 contains no allegations directed at CHS and, therefore, no response is required.  To the extent a response is required, CHS denies the allegations in Paragraph 145.

146.    Paragraph 146 contains no allegations directed at CHS and, therefore, no response is required.  To the extent a response is required, CHS denies the allegations in Paragraph 146.

147. Paragraph 147 contains no allegations directed at CHS and, therefore, no response is required. To the extent a response is required, CHS denies the allegations in Paragraph 147.

148. Paragraph 148 contains no allegations directed at CHS and, therefore, no response is required. To the extent a response is required, CHS denies the allegations in Paragraph 148.

149. Paragraph 149 contains no allegations directed at CHS and, therefore, no response is required. To the extent a response is required, CHS denies the allegations in Paragraph 149.

150. Paragraph 150 contains no allegations directed at CHS and, therefore, no response is required. To the extent a response is required, CHS denies the allegations in Paragraph 150.

151. Paragraph 151 contains no allegations directed at CHS and, therefore, no response is required. To the extent a response is required, CHS denies the allegations in Paragraph 151.

## FOURTH CAUSE OF ACTION
### Slander Per Quod
**(Defendant May)**

152. CHS incorporates by reference its responses to Paragraphs 1 through 151.

153. Paragraph 153 contains no allegations directed at CHS and, therefore, no response is required. To the extent a response is required, CHS admits the allegations in Paragraph 153.

154. Paragraph 154 contains no allegations directed at CHS and, therefore, no response is required. To the extent a response is required, CHS denies the allegations in Paragraph 154.

155. Paragraph 155 contains no allegations directed at CHS and, therefore, no response is required. To the extent a response is required, CHS denies the allegations in Paragraph 155.

156. Paragraph 156 contains no allegations directed at CHS and, therefore, no response is required. To the extent a response is required, CHS denies the allegations in Paragraph 156.

157.    Paragraph 157 contains no allegations directed at CHS and, therefore, no response is required.  To the extent a response is required, CHS denies the allegations in Paragraph 157.

158.    Paragraph 158 contains no allegations directed at CHS and, therefore, no response is required.  To the extent a response is required, CHS denies the allegations in Paragraph 158.

159.    Paragraph 159 contains no allegations directed at CHS and, therefore, no response is required.  To the extent a response is required, CHS denies the allegations in Paragraph 159.

160.    Paragraph 160 contains no allegations directed at CHS and, therefore, no response is required.  To the extent a response is required, CHS denies the allegations in Paragraph 160.

161.    Paragraph 161 contains no allegations directed at CHS and, therefore, no response is required.  To the extent a response is required, CHS denies the allegations in Paragraph 161.

## PRAYER FOR RELIEF

CHS denies that Plaintiff is entitled to any of the relief sought in Plaintiff's Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims may be barred or limited by the doctrine of after-acquired evidence.

### Third Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, ratification, acquiescence, and/or unclean hands.

### Fourth Defense

Plaintiff's claims may be barred, in whole or in part, by her failure to comply with the

- 16 -

jurisdictional, procedural and administrative prerequisites for filing this action.

**Fifth Defense**

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring outside of the applicable limitations period for the filing of her Charge of Discrimination with the EEOC; or (b) for alleged incidents of discrimination and/or retaliation not listed in her Charge of Discrimination with the EEOC; or (c) against parties not named in the Charge of Discrimination with the EEOC, Plaintiff may not recover any relief for such incidents of alleged discrimination.

**Sixth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff unreasonably failed to take advantage of available preventive and corrective opportunities provided to employees.

**Seventh Defense**

CHS affirmatively asserts that it engaged in good faith efforts to comply with the law.

**Eighth Defense**

All standards used by CHS are job related and consistent with business necessity.

**Ninth Defense**

Plaintiff's alleged requested accommodations would have imposed an undue hardship on CHS's business.

**Tenth Defense**

CHS denies that Plaintiff's alleged requested accommodations were reasonable.

**Eleventh Defense**

Because Plaintiff posed a direct threat to the health and safety or herself or others in her employment with CHS, she is not a person "otherwise qualified" to perform the essential

- 17 -

functions of her job.

## Twelfth Defense

Plaintiff's claims are barred to the extent that Plaintiff is not a qualified individual with a disability as defined by federal law.

## Thirteenth Defense

Even assuming Plaintiff is a qualified individual with a disability as defined by federal law, which CHS denies, Plaintiff can be held to the same performance standards as other employees.

## Fourteenth Defense

Plaintiff's claims are barred because Plaintiff did not participate in good faith in the interactive process.

## Fifteenth Defense

Plaintiff's claims are barred because CHS's actions with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory, and otherwise lawful reasons.

## Sixteenth Defense

To the extent that any employee or agent engaged in unlawful conduct toward Plaintiff, such conduct was not authorized, ratified, or consented to by CHS.

## Seventeenth Defense

Plaintiff's claims or damages are barred or reduced to the extent that she failed to properly mitigate her damages.

## Eighteenth Defense

To the extent that Plaintiff alleges that she suffered mental or emotional distress, such distress was caused by factors other than Plaintiff's employment, the actions of CHS, or anyone

- 18 -

acting on behalf of CHS.

### Nineteenth Defense

Plaintiff has failed to state a claim for punitive damages.

### Twentieth Defense

An award of punitive damages would be inappropriate and unconstitutional because Defendant CHS has not engaged in any intentional, willful or malicious conduct towards Plaintiff.

### Twenty-first Defense

If Plaintiff has been damaged as alleged (which Defendant CHS denies), such damages were caused by her own acts.

### Twenty-second Defense

Plaintiff's claims for punitive, exemplary and/or compensatory damages are subjected to applicable limitations on damages as set forth in the ADA and other applicable statutes.

### Twenty-third Defense

The United States and North Carolina Constitutions bar or limit Plaintiff's claim for punitive damages under the circumstances at issue.

### Twenty-fourth Defense

Plaintiff's Complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

### Reservation of Rights

Because no discovery has occurred at this stage of the case, CHS reserves the right to assert additional affirmative defenses, as appropriate.

Dated: August 14, 2017

/s/ Stephen D. Dellinger
Stephen D. Dellinger, Bar No. 16609
sdellinger@littler.com
Molly M. Shah, Bar No. 40275
mmshah@littler.com
Elise Hofer McKelvey, Bar No. 51119
ehofer@littler.com
LITTLER MENDELSON, P.C.
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant The Charlotte - Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2017, I electronically filed the foregoing

**DEFENDANT CAROLINAS HEALTHCARE SYSTEM'S ANSWER** with the Clerk of the

Court using the CM/ECF system which will send notification to the following:

ELIZABETH K. VENNUM
SeiferFlatow, PLLC
2319 Crescent Avenue
Charlotte, North Carolina 28207
(704) 512-0606
Email: liz@seiferflatow.com

*Attorney for Plaintiffs*

Caitlin Murray Goforth
Email: Caitlin.Goforth@jacksonlewis.com
Patricia Lee Holland
Email: patricia.holland@jacksonlewis.com
Jackson Lewis P.C.
3737 Glenwood Avenue
Suite 450
Raleigh, NC 27612
919-760-6460

*Attorneys for Defendant Bryan May*

/s/ Stephen D. Dellinger
Stephen D. Dellinger, Bar No. 16609
*Attorneys for Defendant The Charlotte-*
*Mecklenburg Hospital Authority d/b/a*
*Carolinas HealthCare System*

Firmwide:148839600.4 064424.1024

- 21 -