IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Dora Dayton,<br><br>                Plaintiff,<br><br>    vs.<br><br>Charlotte - Mecklenburg Hospital Authority d/b/a Carolinas Healthcare System, and Bryan May,<br><br>                Defendants. | Civil Action No. 3:17-cv-392<br><br><br>**DEFENDANT CAROLINAS HEALTHCARE SYSTEM'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

Defendant The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System ("CHS" or "Defendant CHS"), by and through its counsel and pursuant to Rules 12(c) and 12(b)(1) of the Federal Rules of Civil Procedure and Local Rule 7.1, submits this Brief in Support of its Motion for Partial Judgment on the Pleadings as to Plaintiff Dora Dayton's ("Plaintiff") Complaint as follows:

**I.    INTRODUCTION**

Plaintiff, a former Registered Nurse with CHS, brings this lawsuit alleging that Defendant CHS discriminated against her based on disability when it terminated her employment, in purported violation of the Americans with Disabilities Act ("ADA") and North Carolina's "wrongful discharge in violation of public policy" doctrine. Plaintiff also alleges that Defendant CHS unlawfully failed to accommodate her disability and retaliated against her for "asserting her rights pursuant to the ADA." Importantly, however, Plaintiff's charge of discrimination ("Charge") that she filed with the United States Equal Employment Opportunity Commission ("EEOC") is utterly devoid of any such claims. Plaintiff did not check the box for "retaliation" on her Charge, nor did she describe any accommodations or retaliation in her

Charge narrative or the legal summation at the end of her Charge. Her Charge is devoted solely to the alleged discriminatory termination.

Defendant CHS seeks dismissal of Plaintiff's claims for retaliation and failure to accommodate under the ADA because of Plaintiff's failure to exhaust her administrative remedies as to these claims. The law is clear: a plaintiff is limited to the allegations contained in her administrative charge of discrimination in a subsequent federal lawsuit; Plaintiff is no different.

Defendant now moves this Court to dismiss Plaintiff's claims for failure to accommodate and retaliation with prejudice.

## II. STATEMENT OF FACTS PERTINENT TO THIS MOTION[1]

Plaintiff worked as Registered Nurse for CHS from 2011 until January 2017. (Compl. ¶¶ 10, 23, 95.) Plaintiff's Complaint alleges that she was diagnosed with post-traumatic stress disorder ("PTSD") as a result of being abused as a child. (*Id.* ¶ 16.) Plaintiff alleges that, because of her PTSD, "certain noises, smells, emotions, experiences, and situations"—for example, the sound of someone whistling and being "spoken to in an aggressive manner by superiors"—"trigger" Plaintiff, leaving her "unable to calm down" and, at times, "unable to continue working." (*Id.* ¶¶ 17, 19, 26, 34.)

In February 2016, Plaintiff's counselor, Dr. Dickerson, recommended certain accommodations to CHS that would purportedly enable Plaintiff to perform her essential job functions. (*Id.* ¶¶ 39–42.) First, Dr. Dickerson recommended that Plaintiff be permitted to switch assigned operating rooms to avoid participating in "triggering cases," such as rectal surgery on juveniles, and "to avoid having to work under [unidentified] aggressive and/or abusive supervisors." (*Id.* ¶¶ 40, 42.) Second, Dr. Dickerson recommended that Plaintiff receive

---

[1] These facts are accepted as true for purposes of this Motion only.

"assurance that her concerns . . . are being seen as valid and important" and that, "if an incident occurs, [that she] receive specific information about how it has been handled with the staff member" involved. (*Id.* ¶ 41.) According to Plaintiff, on February 3, 2016, she met with several representatives of CHS's Leave of Absence group, who expressed "willingness to put [these accommodations] into place." (*Id.* ¶¶ 44, 53.)

Nevertheless, during the course of Plaintiff's employment, she had numerous incidents and disagreements with doctors and co-workers, for which she received several verbal and written coachings and counselings from her supervisors. (*Id.* ¶¶ 33, 47, 56, 65–83, 101.) In January 2017, Defendant CHS terminated Plaintiff's employment following an argument with Defendant Dr. Bryan May that arose when Plaintiff heard him whistling in the operating room. (*See id.* ¶¶ 65–95.) CHS informed Plaintiff that she was being terminated because of her "pattern of behavior and the severity of [the] incident" with Dr. May. (*Id.* ¶ 102.)

Shortly thereafter, on February 1, 2017, Plaintiff filed an EEOC Charge in which her sole allegation was that CHS discriminated against her based on her disability when it terminated her employment. (*See* Compl. ¶ 9(c).) Her EEOC Charge – which was dismissed the very next day (see Ex. A to Compl.) – states in its entirety:

> I. On or about October 2011, I was hired by the above employer as a Registered Nurse. On or about January 17, 2017, an incident related to my disability occurred in the workplace. On or about January 24, 2017, I was discharged from my position.
>
> II. I was informed that I was being discharged due to unprofessional behavior.
>
> III. 1 believe I have been discriminated against, in violation of the Americans with Disabilities Act of 1990, as amended.

Defendant CHS attached a copy of Plaintiff's EEOC Charge to its Answer, (see Doc.

13), and has re-attached a copy of it to this Brief as Exhibit A.[2]

After receiving her Dismissal and Notice of Rights from the EEOC, Plaintiff filed suit against CHS and Defendant May on or about May 1, 2017, asserting claims of disability discrimination in violation of the ADA and wrongful discharge in violation of public policy against CHS, as well as slander against Defendant May. (Compl. ¶¶ 121–61.) Like her EEOC Charge, Plaintiff's disability discrimination claim alleges that Defendant CHS terminated her employment because of her disability. (*Id.* ¶ 128.) Relevant to the instant Motion, however, Plaintiff's Complaint also asserts allegations not contained within her EEOC Charge, namely that Defendant CHS "did not make reasonable accommodations for Plaintiff's disability," (*id.* ¶¶ 126–27), and that "Defendant CHS terminated Plaintiff in retaliation for asserting her rights pursuant to the ADA," (*id.* ¶ 129).

Defendant CHS now moves to dismiss Plaintiff's failure to accommodate and retaliation claims for failure to exhaust her administrative remedies as to those claims pursuant to Federal Rule of Civil Procedure 12(c).

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to dispose of cases when the material facts are not in dispute; therefore, the court can decide the case on its merits by considering the pleadings along with any materials referenced in or attached to the pleadings, which are incorporated by reference. *See, e.g.*, *Lewis v. Bennett*, No. 5:08-CT-3140, 2010 WL 4668784, at *1 (E.D.N.C.

---

[2] The Court may review the attached Charge without converting this motion to one for summary judgment under Rule 56, as the documents are part of the public record and because Plaintiff's Complaint necessarily relies upon them. *See Whittington v. N.C. Dep't of Juvenile Justice*, No. 1:05-CV-348, 2006 U.S. Dist. LEXIS 17862, at *4, 2006 WL 909141, at *1 (W.D.N.C. Apr. 7, 2006).

Nov. 8, 2010) (citing Fed. R. Civ. P. 10(c)). The court may also take judicial notice of matters of public record, such as an EEOC charge. *See, e.g.*, *Whittington* 2006 WL 909141, at *1 (citations omitted); *Iannucci v. Rite Aid Corp.*, No. 1:11-CV-281, 2012 WL 1898914, at *3 (W.D.N.C. May 24, 2012) (citing *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 179–80 (4th Cir. 2009)).

A Rule 12(c) motion for judgment on the pleadings is decided using the same standard as that applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* (citing *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009)). Thus, "[t]o survive a Rule 12(c) motion, 'factual allegations must be strong enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.' The court 'need not accept the plaintiff's legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *Philips*, 572 F.3d at 179–80).

A motion for judgment on the pleadings should be granted where the plaintiff fails to exhaust her administrative remedies. *See, e.g.*, *id.*; *Lewis*, 2010 WL 4668784.

### IV. PLAINTIFF'S CLAIMS FOR RETALIATION AND FAILURE TO ACCOMMODATE UNDER THE ADA SHOULD BE DISMISSED DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff improperly asserts claims for retaliation and failure to accommodate under the ADA, despite not having alleged such claims in her EEOC Charge. These claims should be dismissed.

Before a plaintiff can file a lawsuit in federal court alleging discrimination under the ADA, she must first timely exhaust her administrative remedies by filing a charge with the EEOC within 180 days of the alleged adverse action. 42 U.S.C. § 12117(a); *Edelman v. Lynchburg Coll.*, 228 F.3d 503, 506 (4th Cir. 2000), *rev'd on other grounds*, 535 U.S. 106

(2002). "Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) (addressing Title VII).[3] As such, the scope of an EEOC charge limits the scope of any subsequent litigation, with any claims that exceed the scope of the EEOC charge being procedurally barred. *Id.* at 509 (4th Cir. 2005); *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit.").

Retaliation, failure to accommodate, and discriminatory termination are separate and distinct wrongs, each having different liability analyses. *See*, *e.g.*, *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) ("Normally, retaliation, sex discrimination, and sexual harassment charges are not 'like or reasonably related' to another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another."); *Knutson v. Medtronic, Inc.*, 2006 U.S. Dist. LEXIS 45604, 2006 WL 1851142, at *9 (D. Minn. July 3, 2006). As such, claims for retaliation and an alleged failure to accommodate under the ADA do not "grow out of" and are "not reasonably related to" a disability-based discharge claim. **Each** must be separately exhausted. The cases on these points are legion. *See*, *e.g.*, *Miles v. Dell, Inc.*, 429 F.3d 480, 492 (4th Cir. 2005) (affirming summary judgment on retaliation claim where plaintiff did not check retaliation box on charge form and the narrative explanation made no mention of retaliation); *Satterwhite v. Wal-Mart Stores East, L.P.*, 2012 U.S. Dist. LEXIS 9584, at *10-12 (E.D.N.C. Jan. 26, 2012) (dismissing claims of retaliation and failure to accommodate under the

---

[3] The ADA expressly incorporates the administrative procedures outlined in Title VII. 42 U.S.C. § 12117; *Black v. Mission Hosp., Inc.*, 2011 U.S. Dist. LEXIS 129607 (W.D.N.C. Nov. 8, 2011).

ADA where plaintiff's charge only alleged discriminatory termination under the ADA); *Jones v. M.T.A. Dep't of Transp.*, 2010 U.S. Dist. LEXIS 127415, at *4-5 (D. Md. Dec. 2, 2010) (plaintiff could not file suit for retaliation under the ADA where only "disability discrimination" was alleged in the EEOC charge, "retaliation" box was not checked and "retaliation" was not mentioned in the charge, since such a claim exceeded the scope of the charge); *Bott v. US Airways, Inc.*, 2009 U.S. Dist. LEXIS 50011, at *3 (W.D.N.C. Jun. 15, 2009) (dismissing retaliation claim for failure to exhaust administrative remedies where plaintiff neither checked the retaliation box nor mentioned any retaliatory action); *Manson v. North Carolina A & T State Univ.*, 2008 U.S. Dist. LEXIS 58788, *6 (M.D. N.C. July 31, 2008) (plaintiff failed to exhaust an ADA failure to accommodate claim since it was not specifically raised in the administrative charge); *Williams v. Encompass*, 1996 U.S. Dist. LEXIS 17886 (E.D.N.C. Oct. 30, 1996) (holding that the plaintiff had not exhausted her administrative remedies to her failure to accommodate claim, since her EEOC charge was limited to a claim of discriminatory termination based on disability); *see also Lara v. Unified School Dist. #501*, 350 Fed. Appx. 280, 285, 2009 WL 3382612, at *4 (10th Cir. 2009) (employee did not exhaust administrative remedies for failure to accommodate claim where charge only mentioned disability discrimination); *Hamar v. Ashland, Inc.*, 211 Fed. Appx. 309, 310, 2006 WL 3825669, *1 (5th Cir. 2006) (concluding employee did not exhaust failure to accommodate claim when EEOC charge only alleged disparate treatment discrimination); *Lejeune v. Omni Energy Services Corp.*, No. 09-0194, 2010 U.S. Dist. LEXIS 7735, 2010 WL 378305, *5 (W. D. La. Jan. 29, 2010) (dismissing failure to accommodate claim where EEOC charge was only for disability discrimination); *Thompson v. City of Seminole City Council*, 2007 WL 2827579, at *8, n.9 (M.D. Fla. Sept. 26, 2007) (citation omitted) (dismissing plaintiff's ADA failure to accommodate claim as exceeding the scope of his

EEOC charge alleging disability discrimination based on termination, since "[a]n ADA claim based on termination involves a theory of liability and elements of proof that are separate and distinct from an ADA failure to accommodate claim").

Plaintiff's timely-filed EEOC Charge was strictly limited to her claim that Defendant CHS discriminated against her because of her disability **when it terminated her employment**. Plaintiff did not check the box for "retaliation," did not mention "retaliation," "accommodation," or any similar terms in her Charge narrative (or otherwise describe alleged accommodations sought), and the legal summation at the end of her Charge is utterly devoid of any reference to retaliation or an alleged failure to accommodate. Nor did Plaintiff ever amend her Charge to include any allegations concerning retaliation or an alleged failure to accommodate under the ADA. It would defeat the very purposes of the administrative exhaustion requirement – notice and conciliation – if these claims were allowed to proceed despite the Charge's absolute silence as to them. *See Chacko*, 429 F.3d at 510. As such, her now-present claims of retaliation and failure to accommodate are unequivocally outside the scope of her EEOC Charge and should be dismissed. *See, e.g.*, *Iannucci*, 2012 WL 1898914, at *4 (dismissing Title VII discrimination and harassment claims that exceeded the allegations in plaintiff's EEOC charge pursuant to Rule 12(c)); *Lewis*, 2010 WL 4668784, at *3 (granting Rule 12(c) motion for failure to exhaust administrative remedies).

V.  **CONCLUSION**

Defendant CHS respectfully requests that this Court grant its Motion for Partial Judgment on the Pleadings and issue an Order dismissing Plaintiff's claims for retaliation and failure to accommodate under the ADA with prejudice.

- 8 -

Case 3:17-cv-00392-RJC-DSC   Document 15   Filed 08/16/17   Page 8 of 10

| | |
|---|---|
| Dated: August 16, 2017 | /s/ Stephen D. Dellinger |
| | Stephen D. Dellinger, Bar No. 16609 |
| | sdellinger@littler.com |
| | Molly M. Shah, Bar No. 40275 |
| | mmshah@littler.com |
| | Elise Hofer McKelvey, Bar No. 51119 |
| | ehofer@littler.com |
| | LITTLER MENDELSON, P.C. |
| | 100 North Tryon Street, Suite 4150 |
| | Charlotte, NC  28202 |
| | Telephone: 704.972.7000 |
| | Facsimile: 704.333.4005 |

*Attorneys for Defendant The Charlotte - Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System*

# CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

ELIZABETH K. VENNUM
SeiferFlatow, PLLC
2319 Crescent Avenue
Charlotte, North Carolina 28207
(704) 512-0606
Email: liz@seiferflatow.com

*Attorney for Plaintiffs*

Caitlin Murray Goforth
Email: Caitlin.Goforth@jacksonlewis.com
Patricia Lee Holland
Email: patricia.holland@jacksonlewis.com
Jackson Lewis P.C.
3737 Glenwood Avenue
Suite 450
Raleigh, NC 27612
919-760-6460

*Attorneys for Defendant Bryan May*

/s/ Stephen D. Dellinger
Stephen D. Dellinger, Bar No. 16609
*Attorneys for Defendant The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System*

Firmwide:149341691.4 064424.1024