IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-cv-392

| | |
|---|---|
| **Dora Dayton,**<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas Healthcare System,**<br><br>and<br><br>**Bryan May,**<br><br>　　　　　　　　　　　　Defendants. | **PLAINTIFF'S MEMORANDUM OF LAW IN OBJECTION TO DEFENDANT CAROLINAS HEALTHCARE SYSTEM'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

Plaintiff Dora Dayton ("Plaintiff"), by and through the undersigned counsel, submits the following memorandum of law in opposition to Defendant CHS's Motion for Partial Judgment on the Pleadings.

**Factual and Procedural Background**

Plaintiff is a Registered Nurse who worked for Defendant CHS for approximately six (6) years, ending in her termination in January of 2017. (Compl. ¶ ¶ 23, 95.) A survivor of brutal physical and sexual abuse in her childhood, Plaintiff suffers from post-traumatic stress disorder ("PTSD"), and requested certain accommodations from her employer. (Compl. ¶¶ 11-19, 36-43.) These accommodations included, among other things, excusing Plaintiff from assisting in juvenile rectal surgery, and not penalizing Plaintiff for her involuntary stress reactions. (*Id.*)

Defendant CHS initially agreed to provide these accommodations, but when a coworker's

1

conduct set off a stress reaction in Plaintiff and she sought help from her supervisor, Plaintiff was told that nobody wanted to hear about her issues and that if she brought up her PTSD or her childhood abuse again, there would be consequences. (Compl. ¶¶ 58-60.) Ultimately, Defendant CHS terminated Plaintiff on January 23, 2017 for an unacceptable "pattern of behavior," when the behavior mentioned resulted from Plaintiff's disability and could have been avoided or mitigated had Plaintiff received the accommodations she requested. (Compl. ¶ 106.)

Plaintiff filed a Charge of Discrimination based on disability with the EEOC on February 1, 2017, and on February 2, 2017, the EEOC issued Plaintiff a "right to sue" letter. On May 1, 2017, Plaintiff filed the instant suit, alleging that Defendant CHS discriminated against her in violation of her rights under the ADA by 1) Failing to make reasonable accommodations; 2) Terminating Plaintiff's employment because of her disability; and 3) Retaliating against Plaintiff for asserting her rights under the ADA. (Compl.) Defendant CHS answered the Complaint, and now moves for judgment on the pleadings with respect to Plaintiff's claims of failure to accommodate and retaliation.

## Legal Standard

**I. Exhaustion of Administrative Remedies**

The ADA follows the same enforcement procedures as Title VII, requiring that a plaintiff exhaust her administrative remedies through the EEOC process before filing suit in federal court. *Sydnor v. Fairfax County, Va.,* 681 F.3d 591, 593 (4th Cir. 2012). First, the plaintiff must file a verified charge of discrimination, identifying the relevant parties and describing generally the action or practices complained of. 29 C.F.R. §1601.12(b) (2004). A charge of discrimination filed with the EEOC need not meet the same pleading standards as a lawsuit, rather a charge puts the EEOC on notice that the plaintiff believes her employer has discriminated against her and

2

wishes the EEOC to investigate. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68 (1984). When investigating a claim of discrimination under the ADA, the EEOC may examine "any evidence ... that relates to unlawful employment practices covered by [the statute] and is relevant to the charge under investigation." *EEOC v. Randstad*, 685 F. 3d 433, 448 (4th Cir. 2012) (*quoting* 42 U.S.C. § 2000e-8(a)). Courts construe this "relevance" generously, "and have afforded [EEOC investigators] access to virtually any material that might cast light on the allegations against the employer." *Shell Oil Co.*, 466 U.S. at 68-69.

Once the EEOC has concluded its investigation and/or issued a "right to sue" letter, the plaintiff can file suit. *Jones v. Calvert Group Limited*, 551 F.3d 297, 300-01 (4th Cir. 2009). The exhaustion requirement limits the scope of that plaintiff's lawsuit to claims set forth in her original EEOC charge, as well as claims "reasonably related to her EEOC charge… [and those that] can be expected to follow from a reasonable administrative investigation." *Lassiter v. Labcorp Occupational Testing Services, Inc.* (M.D.N.C. 2004). This exhaustion requirement, however, should not be used as "a tripwire for hapless plaintiffs." *Sydnor*, 681 F.3d at 594.

> While it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns. "Title VII ... sets up a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process." It would be inconsistent with this framework to require untrained parties to provide a detailed essay to the EEOC in order to exhaust their administrative remedies. As the Supreme Court has made clear, "[d]ocuments filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies."
>
> Accordingly, an "administrative charge of discrimination does not strictly limit a Title VII suit which may follow." Instead, so long as "a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation," she "may advance such claims in her subsequent civil suit." [With this approach], we have sought to strike a balance between providing notice to employers and the EEOC on the one hand and ensuring plaintiffs are not tripped up over technicalities on the other.

3

*Id*. (internal citations omitted). In other words, Courts will interpret EEOC charges "with utmost liberality," to protect the interests of plaintiffs. *Alvarado v. Bd. Of T. of Montgomery Com. College*, 848 F.2d 457 (4th Cir. 1988).

### Failure to Accommodate

A charge of "[u]nlawful discrimination under the ADA can include the [employer's] failure to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified…employee." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 344 (4th Cir. 2013). The plaintiff's EEOC charge need not include a specific allegation that the plaintiff requested an accommodation, so long as "…a failure-to-accommodate claim is at least 'reasonably related to,' or…likely to be 'developed by reasonable investigation' of, her allegations to the EEOC." *Cathey v. Wake Forest Univ. Baptist Med. Ctr.*, 90 F. Supp.3d 493, 504-05 (M.D.N.C. 2015).

### Retaliation

While the exhaustion of remedies requirements imposed by courts with respect to retaliation claims are even less stringent than those for the underlying claim, Plaintiff concedes that she did not check the box for "retaliation," and that the narrative portion of her charge did not contain specific facts sufficient to indicate resignation according to the standards set out in the case law.

### **Plaintiff's EEOC Charge**

Within the statutorily-required time limit but without the assistance of counsel, Plaintiff visited the EEOC office and met with an intake coordinator, who prepared and submitted

4

Plaintiff's Charge of Discrimination to the EEOC. The box for "disability" was checked, and the charge form included the following information:

> I. On or about October 2011, I was hired by the above employer as a Registered Nurse. On or about January 17, 2017, an incident related to my disability occurred in the workplace. On or about January 24, 2017, I was discharged from my position.
>
> II. I was informed that I was being discharged due to unprofessional behavior
>
> III. I believe I have been discriminated against, in violation of the Americans with Disabilities Act of 1990, as amended.

(Document No. 13.)

## Argument

### I.  Plaintiff has exhausted her administrative remedies with respect to her claim for failure to accommodate

Plaintiff's EEOC charge satisfied the requirement that she exhaust her administrative remedies with respect to her claim of failure to accommodate because the claim is reasonably related to the factual statements in her EEOC charge and could have been expected to follow from a reasonable investigation into the charge. Plaintiff's EEOC charge contained facts that, if properly investigated, would have revealed evidence of Defendant CHS's discrimination.

Plaintiff filed her EEOC charge *pro se*, and as a layperson, she is entitled to have her EEOC charge reviewed with the utmost liberality. *Alvarado*, 848 F. 2d at 460. Plaintiff's charge set forth that she was terminated one week after "an incident related to [her] disability occurred in the workplace," and that her employer conflated that disability-related incident with "unprofessional behavior." (Document No. 13.) The EEOC "Charge of Discrimination" contains a section with the heading "Discrimination Based on (Check appropriate box)es))," and below that heading, ten boxes, each labeled with a different type of discrimination. (*Id*.) There is only one box for "disability;" there is not a box for "failure to accommodate." (*Id*.)

5

The narrative portion of Plaintiff's EEOC charge mentions that she was terminated soon after a disability-related incident occurred at work, but that she was informed her termination resulted from "unprofessional behavior." (Document No. 13.) An administrative investigation into this situation would have revealed information supporting Plaintiff's failure to accommodate claim, as the "incident" clearly arose from Plaintiff's disability, and Defendant CHS's label of the incident as "unprofessional behavior" evidenced its failure to abide by Plaintiff's requested accommodations.

Defendant CHS's argument that Plaintiff failed to exhaust her administrative remedies with respect to her claim for failure to provide reasonable accommodations conflates the generous notice-pleading requirements for EEOC charges themselves with the heightened pleading standards for federal lawsuits. This argument ignores the Supreme Court's mandate that EEOC charges should be construed liberally. *Shell Oil Co.*, 466 U.S. at 68-69. While a claim for failure to accommodate and a claim for discriminatory discharge may have different "liability analyses," the purpose of an EEOC charge is not to prove liability, but rather to initiate the process of investigating whether liability might exist.

Defendant cites case law from various district courts and circuit courts across the country, none of which mandates dismissal of Plaintiff's failure to accommodate claim. Notably, in three of the cases Defendant cites, failure to accommodate was beyond the scope of the plaintiffs' EEOC charges because the plaintiffs admitted in their EEOC charges that no accommodation was needed and/or none was requested.[1] Other cases reflect the proper dismissal of untimely or

---

[1] *See Manson v. North Carolina A & T State Univ.*, (M.D.N.C. July 31, 2008) ("The Magistrate Judge found that Plaintiff's EEOC charge specifically stated that Plaintiff was 'able to perform the duties of [his] position with no restrictions."); *Williams v. Encompass*, 1996 U.S. Dist. LEXIS 17886 (E.D.N.C. Oct 30, 1996) ("In fact, the document undercuts plaintiff's argument; it states in part: 'Reasonable accommodation: Not applicable. I did not request any accommodation/s."); *Lejeune v. Omni Energy Services Corp.,* No. 09-0194, 2010 U.S. Dist. LEXIS 7735, 2010 WL 378305 (W. D. La. Jan. 29, 2010 ("Question number 10 of the EEOC Questionnaire addresses accommodation and asks, "Did you ask your employer for any assistance or change in working condition because of

unrelated claims, and the three cases with some legal similarity can be distinguished on their facts.[2]

Following the Supreme Court's guidance in *Shell Oil*, the Fourth Circuit has held that "[T]he absence of a perfect fit between the administrative complaint and a civil action is not necessarily fatal. Exhaustion of administrative remedies may be found to have occurred when the claim in question is sufficiently related to properly exhausted claims to be within the scope of a reasonable investigation." *Evans v. Techs. Applications and Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Unlike the cases cited by Defendant in which a plaintiff's EEOC charge claims age discrimination and her complaint claims race discrimination, Plaintiff's claim of failure to accommodate fits squarely within the claim of "discrimination," reasonably relates to the discrimination alleged in her EEOC charge, and would have followed from a reasonable investigation into the charge.

---

your disability?" and 'Did you need this assistance or change in working condition in order to do your job?" Plaintiff responded 'No' to both questions.")

[2] *Thompson v. City of Seminole City Council*, 2007 WL 2827579 (M.D. Fla. Sept. 26, 2007 (The court considered the plaintiff's failure to accommodate claim but granted summary judgment because plaintiff could not establish disability, noting in a footnote that on these facts, the plaintiff also failed to exhaust his administrative remedies.); *Lara v. Unified School Dist. #501*, 350 Fed. Appx. 280, 285, 2009 WL 3382612 (10th Cir. 2009) (This opinion does not contain the text of the plaintiff's administrative charge such that a factual comparison can be made, neither does the *Lara* court appear to apply the liberal construction mandated by the Supreme Court in *Shell Oil*); *Satterwhite v. Wal-Mart Stores East, L.P.*, 2012 U.S. Dist. LEXIS 9584 (E.D.N.C. Jan 26, 2012) (The court based its dismissal of the plaintiff's failure to accommodate claim on the failure of plaintiff's EEOC charge to include the precise language necessary to state a claim. However, because the *Satterwhite* plaintiff's suit was rife with unsupported and untimely claims, it is likely her failure to accommodate claim would not have survived on the merits, and therefore this incorrect application was not challenged.)

## Conclusion

For the reasons stated herein, Plaintiff respectfully requests this Court deny Defendant's Motion for Partial Judgment on the Pleadings with respect to her claim for discrimination by failure to accommodate.

**THIS THE 30TH DAY OF AUGUST, 2017.**

       **SEIFERFLATOW, PLLC**

       By:    **S/ ELIZABETH VENNUM**
                    **ELIZABETH VENNUM**
                    **NC State Bar No. 49747**
                    **Counsel for Plaintiff Dora Dayton**
                    **2319 Crescent Avenue**
                    **Charlotte, North Carolina 28207**
                    **(704) 512 0606**

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** was electronically filed on August 30, 2017 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for all Defendants.

| | |
|---|---|
| **Stephen D. Dellinger** <br> sdellinger@littler.com <br> **Molly Shah** <br> mmshah@littler.com <br> **Elise Hofer McKelvey** <br> ehofer@littler.com <br> Littler Mendelson, P.C. <br> 100 North Tryon Street, Suite 4150 <br> Charlotte, NC 28202 <br> (704) 972-7000 <br> *Counsel for Defendant The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas Healthcare System* | **Caitlin Murray Goforth** <br> caitlin.goforth@jacksonlewis.com <br> **Patricia Lee Holland** <br> patricia.holland@jacksonlewis.com <br> Jackson Lewis P.C. <br> 3737 Glenwood Avenue <br> Suite 450 <br> Raleigh, NC 27612 <br> (919) 760-6460 <br> *Counsel for Defendant Bryan May* |

**THIS THE 30TH DAY OF AUGUST, 2017.**

                    SEIFERFLATOW, PLLC

                    By:    S/ ELIZABETH VENNUM