IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Dora Dayton,<br><br>    Plaintiff,<br><br> vs.<br><br>Charlotte - Mecklenburg Hospital Authority d/b/a Carolinas Healthcare System, and Bryan May,<br><br>    Defendants. | Civil Action No. 3:17-cv-392<br><br><br>DEFENDANT CAROLINAS HEALTHCARE SYSTEM'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

  Defendant The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas Healthcare System ("CHS" or "Defendant CHS"), by and through its undersigned counsel, hereby files this Reply in Support of its Motion for Partial Judgment on the Pleadings. Plaintiff's opposition to Defendant CHS's Motion for Partial Judgment on the Pleadings ("Opposition") makes clear that Plaintiff did not exhaust her administrative remedies as to her retaliation and failure to accommodate claims under the Americans with Disabilities Act, as amended ("ADA"). These claims should be dismissed.

  First, Plaintiff's Opposition all but concedes that her retaliation claim should be dismissed for failure to exhaust her administrative remedies as to that claim. (*See* Pl.'s Opp'n., at 4.) Second, she also admits that the face of her EEOC charge alleges only that Defendant CHS discriminated against her in violation of the ADA when it terminated her employment on January 24, 2017 following "an incident related to [her] disability [that] occurred in the workplace" on January 17, 2017, and makes absolutely no mention of or reference to an alleged failure to accommodate. (*See generally*, *id.*) Plaintiff nevertheless argues against dismissal based on failure to exhaust her administrative remedies with respect to her failure to

accommodate claim, repeatedly urging the Court to liberally construe her charge and insisting that "the claim is reasonably related to the factual statements in her EEOC charge and could have been expected to follow from a reasonable investigation into the charge." (*Id.*, at 5.) Notably, Plaintiff provides no sound support—factual or legal—for this proposition.

Though Plaintiff is correct that the scope of an EEOC charge may be construed to encompass any claim that "reasonably relates" to the factual predicate set forth in the charge, she misconstrues the Court's interpretation of what types of claims are "reasonably related." Under well-established Fourth Circuit precedent, a claim "reasonably relates" to the underlying EEOC charge where the charge and the complaint allege variations of the **same type** of discrimination—for example, where a plaintiff alleges in her charge that she was denied a particular accommodation (e.g., light duty) and alleges in her complaint that she was denied a separate accommodation (e.g., the use of a wheelchair). By contrast, a claim is not reasonably related to a charge where the charge and the complaint allege entirely different theories of discrimination—as where, as here, the charge alleges discriminatory discharge and the complaint alleges failure to accommodate.

For the foregoing reasons, and as discussed in greater detail below and in Defendant CHS's underlying Motion and supporting Memorandum, Plaintiff's failure to accommodate claim is neither expressly set forth in her EEOC charge nor reasonably related to the allegations contained therein. As a result, Plaintiff's retaliation[1] and failure to accommodate claims must be dismissed for failure to exhaust administrative remedies.

---

[1] Because Plaintiff's Opposition apparently concedes that she has not exhausted her administrative remedies with respect to her retaliation claim, Defendant CHS makes no arguments as to that point in the instant Reply brief. Defendant CHS, however, incorporates the arguments contained in its Memorandum in Support of its Motion by reference herein.

- 2 -

Case 3:17-cv-00392-RJC-DSC   Document 20   Filed 09/05/17   Page 2 of 8

**I. PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIM SHOULD BE DISMISSED BECAUSE IT IS NOT EXPRESSLY SET FORTH IN HER EEOC CHARGE NOR REASONABLY RELATED TO THE ALLEGATIONS THEREIN.**

Plaintiff's Opposition essentially asks the Court to take her word for it that her charge, which mentioned only a discrete incident of termination and made no reference whatsoever to any proposed accommodations, is somehow "reasonably related" to her subsequent lawsuit claim of failure to accommodate. The law holds otherwise.

Though Plaintiff is correct that EEOC charges are construed liberally, courts "**are not at liberty to read into administrative charges allegations they do not contain**." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013) (emphasis added). "'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent employment discrimination lawsuit.'" *Bennett v. Kaiser Permanente*, 931 F. Supp. 2d 697, 704 (D. Md. 2013) (quoting *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)); *see also Harvey v. Burlington Coat Factory*, No. 1:13-cv-1107, 2015 WL 2238011, at *2 (M.D.N.C. May 12, 2015) (citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th. Cir. 2000)). "Thus, plaintiffs typically may not bring claims where the EEOC charge alleges discrimination on one theory and the complaint alleges discrimination on a separate theory." *Id.* (citing *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132–33 (4th Cir. 2002)); *see also Chacko*, 429 F.3d at 509 (explaining that "a claim will . . . typically be barred if the administrative charge alleges one type of discrimination—such as discriminatory failure to promote—and the claim encompasses another type—such as discrimination in pay and benefits"). "This rule applies **even where the discrimination that the plaintiff grounds on separate theories relates to the same protected characteristic**." *Bennett*, 931 F. Supp. 2d at

704 (emphasis added) (citing *Mayers v. Wash. Adventist Hosp.*, 131 F. Supp. 2d 743, 747–48 (D. Md. 2001)).

The case law cited in Plaintiff's Opposition exemplifies the types of cases in which a plaintiff's claims "are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation" such that the plaintiff is not barred from pursuing them in federal court. In *Sydnor v. Fairfax County, Virginia*, for example, the plaintiff alleged in her EEOC charge that she had been discriminated against based on her disability by being denied the reasonable accommodation of working light duty, but in her complaint, she claimed that she would have been able to perform her essential job duties in a wheelchair. 681 F.3d 591, 594 (4th Cir. 2012). The court held that because the plaintiff's EEOC charge and complaint focused on the same type of discrimination—failure to accommodate—it was immaterial that there were variations in the types of accommodations allegedly requested, reasoning:

> [The defendant] was on notice from the beginning that it was accused of not providing a disabled plaintiff with a reasonable accommodation. This was not a case in which "the EEOC charge alleges discrimination on one basis, . . . and the formal litigation claim alleges discrimination on a separate basis, . . . " *Jones*, 551 F.3d at 300, but one in which the type of prohibited action alleged—discrimination on the basis of disability by failing to provide a reasonable accommodation—remained consistent throughout. Indeed, it is similar to *Smith*, in which the plaintiff's underlying claim—retaliation—did not change, even though the form of the alleged retaliation—threatened termination and refusal to offer any other positions—varied. 202 F.3d at 248.

681 F.3d at 595.

Case law is clear that where, as here, the EEOC charge alleges only discriminatory discharge and is completely "devoid of any express reference to or factual predicate for a failure-to-accommodate claim, a reasonable investigation of [the plaintiff's] EEOC charge would not likely reveal this claim or provide [the defendant] with 'ample notice of the allegations against it,'" thereby mandating dismissal of the claim for failure to exhaust administrative remedies.

*Harvey*, 2015 WL 2238011, at *2 (dismissing failure to accommodate claim because plaintiff's EEOC charge alleged only that she and other employees with medical conditions were given reduced hours and terminated for attendance issues" but did not "mention that she required, requested, or was refused accommodation") (citing *Mayers*, 131 F. Supp. 2d at 747 (finding "no factual predicate in the EEOC charge to support a reasonable accommodation claim" when the charge was "completely devoid of any reference to [plaintiff's] alleged request for accommodation"); *Johnson v. SecTek, Inc.*, No. ELH-13-3798, 2015 WL 502963, at *6 (D. Md. Feb. 4, 2015) (finding that a failure to accommodate claim was not reasonably related to an EEOC charge of discriminatory discharge and noting that the plaintiff's judicial claim may have involved different actors and time frames than those referenced in the EEOC charge); *Bennett*, 931 F. Supp. 2d at 704 (finding that a reasonable accommodation claim was not reasonably related to an EEOC charge of discriminatory discipline and discharge); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 854 (6th Cir. 2000) (holding that an accommodation claim would not grow out of an investigation of the plaintiff's termination because the relevant facts are "far different"); *Green v. Nat'l Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999) (recognizing that "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA")); *see also Satterwhite v. Wal-Mart Stores East, L.P.*, No. 5:11-cv-363, 2012 WL 255347, at *4 (E.D.N.C. Jan. 26, 2012) (dismissing failure to accommodate claim where plaintiff's charge only alleged discriminatory treatment under the ADA).[2]

    *Bennett*, which involves facts strikingly similar to those presented here, is particularly instructive. In that case, as here, the plaintiff, a nurse diagnosed with PTSD (among other things), was disciplined and ultimately terminated for incidents that the plaintiff attributed to his

---

[2] Plaintiff's Opposition does not even attempt to distinguish *Satterwhite*, implying only that the *Satterwhite* court relied on an "incorrect application" of the law to the facts. (*See* Pl.'s Opp'n, at 7 n. 2.) The dozen or more courts that have cited to *Satterwhite* since it was decided in 2012 apparently disagree.

disability. 931 F. Supp. 2d at 701–02. Following his termination, the plaintiff filed an EEOC charge in which he alleged that he had "been discriminated against . . . with regard to discipline and discharge based on my age . . . and disability." *Id.* at 702. The charge did not allege that the plaintiff had requested or been refused a reasonable accommodation. *Id.* Nevertheless, he subsequently filed a lawsuit in federal court in which he asserted claims under the ADA for discriminatory discharge and failure to accommodate. *Id.* The court dismissed the failure to accommodate claim, rejecting the plaintiff's argument that it was reasonably related to the allegations contained in the EEOC charge. *Id.* at 704. The court reasoned that the "charge appears to confine the dates of the alleged discrimination to the two dates on which [the defendant] disciplined and terminated [the plaintiff]." *Id.* The court further reasoned that the charge was devoid of any allegation that the plaintiff requested a reasonable accommodation, compelling the court to conclude that "[the plaintiff's] reasonable accommodation claim is not reasonably related to his EEOC charge." *Id.*

Here, as in *Bennett*, *Harvey*, *Satterwhite*, and a myriad of other cases, even with the benefit of a liberal construction of her charge, Plaintiff has failed to exhaust her administrative remedies on her failure to accommodate claim. Unlike *Sydnor* and *Smith*, the instant case does not present a situation where the plaintiff merely alleged variations in the proposed accommodations. It is clear from the face of her charge that the allegations contained therein are confined to the date on which "an incident related to [her disability [occurred] in the workplace" and the date on which Plaintiff was discharged. In fact, the only date that Plaintiff claims discrimination took place is on the date of her discharge—no other (allegedly) earlier date when she now claims in this lawsuit she requested reasonable accommodations. The charge is completely devoid of any allegation that Plaintiff requested or was refused a reasonable

- 6 -

Case 3:17-cv-00392-RJC-DSC   Document 20   Filed 09/05/17   Page 6 of 8

accommodation.  There is no factual predicate whatsoever in the EEOC charge to support Plaintiff's failure to accommodate claim, nor does the legal summation include a reference to a failure to accommodate claim, which are usually specified if such claims are intended to be exhausted.  As a result, "a reasonable investigation of [Plaintiff]s EEOC charge would not likely reveal this claim or provide [CHS] with 'ample notice of the allegations against it,'" and Plaintiff's failure to accommodate claim should therefore be dismissed.  *Harvey*, 2015 WL 2238011, at *2.  The fact that both the discriminatory discharge and failure to accommodate claims both relate to Plaintiff's disability is of no consequence.  *See Bennett*, 931 F. Supp. 2d at 704.

## II. CONCLUSION

Because the allegations contained in Plaintiff's EEOC charge neither expressly set forth a claim of failure to accommodate nor reasonably relate to such a claim, and because Plaintiff concedes that she failed to exhaust her administrative remedies with respect to her retaliation claim, Defendant CHS respectfully requests that this Court dismiss her failure to accommodate and retaliation claims pursuant to Federal Rule of Civil Procedure 12(c).

| | |
|---|---|
| Dated: September 5, 2017 | /s/ *Stephen D. Dellinger* |
| | Stephen D. Dellinger, Bar No. 16609 |
| | sdellinger@littler.com |
| | Molly M. Shah, Bar No. 40275 |
| | mmshah@littler.com |
| | Elise Hofer McKelvey, Bar No. 51119 |
| | ehofer@littler.com |
| | LITTLER MENDELSON, P.C. |
| | 100 North Tryon Street, Suite 4150 |
| | Charlotte, NC  28202 |
| | Telephone:  704.972.7000 |
| | Facsimile:   704.333.4005 |
| | |
| | *Attorneys for Defendant The Charlotte - Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System* |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Elizabeth K. Vennum
SeiferFlatow, PLLC
2319 Crescent Avenue
Charlotte, North Carolina 28207
(704) 512-0606
Email: liz@seiferflatow.com

*Attorney for Plaintiffs*

Caitlin Murray Goforth
Email: Caitlin.Goforth@jacksonlewis.com
Patricia Lee Holland
Email: patricia.holland@jacksonlewis.com
Jackson Lewis P.C.
3737 Glenwood Avenue
Suite 450
Raleigh, NC 27612
919-760-6460

*Attorneys for Defendant Bryan May*

/s/ Stephen D. Dellinger
Stephen D. Dellinger, Bar No. 16609

*Attorney for Defendant The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System*