# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-00392-RJC-DSC

| | |
|---|---|
| DORA DAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| CHARLOTTE-MECKLENBURG ) | |
| HOSPITAL AUTHORITY D/B/A ) | |
| CAROLINAS HEALTHCARE SYSTEM ) | |
| AND BRYAN MAY, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Defendant Carolinas Healthcare System's Motion for Partial Judgment on the Pleadings," Doc. 14, and the parties' associated briefs and exhibits, Docs. 15, 19 and 20.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion for Partial Judgment on the Pleadings be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the Complaint, Doc. 1, Ex. 1, as true, Plaintiff was employed by Defendant Carolinas Healthcare Systems ("CHS") as a Registered Nurse from 2011 until her termination in January 2017. Plaintiff was a victim of physical and sexual abuse as a child and

suffers from post-traumatic stress disorder ("PTSD").  As a result of her PTSD, "certain noises, smells, emotions, experiences, and situations"—for example, the sound of someone whistling and being "spoken to in an aggressive manner by superiors"—"trigger" Plaintiff, leaving her "unable to calm down" and at times "unable to continue working."  Id. at ¶¶ 17, 19, 26, 34.

Plaintiff requested certain accommodations from CHS.  These accommodations included excusing her from assisting in juvenile rectal surgery and not penalizing her for involuntary stress reactions. CHS initially agreed to provide these accommodations.  Nevertheless, during the course of Plaintiff's employment she had numerous issues with physicians and co-workers necessitating coaching and counseling with her supervisors.  In January 2017, CHS terminated Plaintiff's employment after she engaged in an argument with Defendant Dr. Bryan May.  Plaintiff became upset when she heard Dr. May whistling in the operating room.  CHS informed Plaintiff that she was being terminated because of her "pattern of behavior and the severity of [the] incident" with Dr. May. Id. at ¶ 102.  Plaintiff alleges that her behavior resulted from her disability and could have been avoided or mitigated if she had been provided reasonable accommodations.

Plaintiff filed a Charge of Discrimination based upon disability with the Equal Employment Opportunity Commission ("EEOC") on February 1, 2017.  Her EEOC charge states in its entirety:

> I. On or about October 2011, I was hired by the above employer as a Registered Nurse. On or about January 17, 2017, an incident related to my disability occurred in the workplace. On or about January 24, 2017, I was discharged from my position.
> II. I was informed that I was being discharged due to unprofessional behavior.
> III. I believe I have been discriminated against, in violation of the Americans with Disabilities Act of 1990, as amended.

Doc. 14, Ex. 1. Plaintiff checked the box for "Disability" as the basis of discrimination. Id. She alleged that the discrimination occurred as early as January 24, 2017, and as late as January 24, 2017. On February 2, 2017, one day after filing her Charge, the EEOC issued Plaintiff a "right to sue" letter.

On May 1, 2017, Plaintiff filed her Complaint in Mecklenburg County Superior Court alleging that CHS discriminated against her in violation of her rights under the Americans with Disabilities Act, as amended ("ADA") by 1) failing to make reasonable accommodations; 2) terminating her employment because of her disability; and 3) retaliating against her for asserting her rights under the ADA.

On July 7, 2017, CHS removed the action to this Court. On August 16, 2017, CHS filed the present Motion. Doc. 14. CHS argues that Plaintiff's claims for retaliation and failure to accommodate under the ADA must be dismissed pursuant to Federal Rules of Civil Procedure 12(c) and 12(b)(1) for failure to exhaust her administrative remedies. The Motion has been fully briefed and is now ripe for review.

## II. DISCUSSION

Pursuant to Rule 12(b)(1), an action may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of a case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff's failure to exhaust administrative remedies under federal anti-discrimination laws is properly the subject of a motion to dismiss under Rule 12(b)(1). See Satterwhite v. Wal-Mart Stores E., L.P., No. 5:11- CV-363-BO, 2012 WL 255347, at *3 (E.D.N.C. Jan. 26, 2012); Brodrick v. Napolitano, No. 3:09-CV-450-FDW-DSC, 2010 WL 3397461, at *4 (W.D.N.C. Aug. 25, 2010). The plaintiff bears the burden of proving that subject

matter jurisdiction exists. Hawes v. United States, 409 F.3d 213, 216 (4th Cir. 2005). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment." Evans v. B.F. Perkins, Co., 166 F.3d 642, 647 (4th Cir.1999) (internal quotation marks omitted).

The ADA and Title VII require a plaintiff to "exhaust [their] administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." Sydnor v. Fairfax Cty., 681 F.3d 591, 593 (4th Cir. 2012). The general purpose behind this requirement is to afford the employer sufficient notice of the alleged violations and avoid unnecessary litigation. Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005). When a plaintiff fails to exhaust her administrative remedies in a Title VII [or ADA] action, the district court is deprived of subject matter jurisdiction. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

"In any subsequent lawsuit alleging unlawful employment practices under Title VII [or ADA], a federal court may only consider those allegations included in the EEOC charge." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013) (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996)). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Jones, 551 F.3d at 300 (quoting Evans, 80 F.3d at 963).

When a plaintiff files an EEOC charge and alleges discrimination based upon one protected category, but neither checks the box to allege discrimination based upon another protected category nor includes any discussion of that other category in the charge narrative, she has failed

to bring the second claim before the EEOC. See, e.g., Evans, 80 F.3d at 963 (4th Cir.1996). A plaintiff has not exhausted administrative remedies as to claims not brought before the EEOC, thus depriving the court of subject-matter jurisdiction over them. See Jones, 551 F.3d at 300.

A plaintiff has failed to exhaust administrative remedies where, for example, the charge alleges retaliation but the complaint adds a claim of racial discrimination. See id. at 301; see also Sydnor, 681 F.3d at 594 (citing Jones). In contrast, a plaintiff's claims are reasonably related to the initial charge where, for example, both allege discrimination in promotion, but the complaint addresses a different aspect of the promotional system; or both allege retaliation, but the complaint alleges different retaliatory conduct. See Sydnor, 681 F.3d at 594 (citing Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981) and Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000), respectively). Claims that fall outside the scope of the EEOC charge are procedurally barred. Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

### A. Retaliation Claim

Plaintiff concedes in her Response, Doc. 19, that "she did not check the box for 'retaliation,' and that the narrative portion of her charge did not allege facts sufficient to support a retaliation claim. Consequently, the undersigned recommends that Plaintiff's claim for retaliation be dismissed for lack of subject matter jurisdiction and Defendant's Motion for Judgment on the Pleadings on Plaintiff's retaliation claim be granted.

### B. Failure to Accommodate Claim

Plaintiff argues that she satisfied the requirement to exhaust administrative remedies here. She asserts that this claim is reasonably related to the factual statements in her EEOC charge and could have been expected to follow from a reasonable investigation into the charge. The Court disagrees.

The facts of this case are very similar to those in Bennett v. Kaiser Permanente, 931 F.Supp.2d 697 (D. Md. 2013). In Bennett, the plaintiff was also a nurse diagnosed with PTSD. He was disciplined and ultimately terminated for incidents that he attributed to his disability. 931 F.Supp.2d at 701-02. Following his termination, plaintiff filed an EEOC charge alleging that he had "been discriminated against…with regard to discipline and discharge based on my…disability." Id. at 702. Plaintiff's charge did not state that he requested reasonable accommodations or that he could have performed his duties with reasonable accommodations. Id. The court dismissed the failure to accommodate claim and rejected plaintiff's argument that it was reasonably related to the allegations in his EEOC charge. Id. at 704. The court reasoned that the "charge appears to confine the dates of the alleged discrimination to the two dates on which [the defendant] disciplined and terminated [the plaintiff]." Id. The court found that the charge was devoid of any allegation that plaintiff requested a reasonable accommodation, compelling the court to conclude that "[plaintiff's] reasonable accommodation claim is not reasonably related to his EEOC charge." Id.

It is clear from the face of Plaintiff's EEOC charge that her allegations are confined to the date on which "an incident related to [her disability [occurred] in the workplace" and the date she was discharged. The only date that Plaintiff alleges any discrimination took place is January 24, 2017, the date of her discharge. The charge is devoid of any allegations that Plaintiff requested or

was refused reasonable accommodations. Plaintiff's EEOC charge does not describe her medical conditions or mention that she required, requested, or was refused accommodations. See Mayers v. Wash. Adventist Hosp, 131 F.Supp.2d 743, 747 (D.Md.2001) (finding "no factual predicate in the EEOC charge to support a reasonable accommodation claim" when the charge was "completely devoid of any reference to [the plaintiff's] alleged request for accommodation"), aff'd, 22 F. App'x 158 (4th Cir.2001). Rather, the EEOC charge focuses solely on her termination, which is not reasonably related to the failure to accommodate claim asserted here. See Johnson v. SecTek, Inc., No. ELH–13–3798, 2015 WL 502963, at *6 (D. Md. Feb. 4, 2015) (finding that a failure to accommodate claim was not reasonably related to an EEOC charge of discriminatory discharge); Bennett, 931 F.Supp.2d at 704 (finding that a reasonable accommodation claim was not reasonably related to an EEOC charge of discriminatory discipline and discharge).

As a result, "a reasonable investigation of [Plaintiff]'s EEOC charge would not likely reveal this claim or provide [CHS] with 'ample notice of the allegations against it,'" Harvey v. Burlington Coat Factory, No. 1:13-cv-1107, 2015 WL 2238011, at *2 (M.D.N.C. May 12, 2015). The fact that the discriminatory discharge and failure to accommodate claims both relate to Plaintiff's disability is of no consequence. See Bennett, 931 F. Supp. 2d at 704.

The undersigned finds that Plaintiff has failed to exhaust her administrative remedies. Therefore, Plaintiff's failure to accommodate claim should be dismissed for lack of subject matter jurisdiction. The undersigned respectfully recommends that that Defendant's Motion for Judgment on the Pleadings on Plaintiff's failure to accommodate claim be granted.

### III. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant Carolinas Healthcare System's Motion for Partial Judgment on the Pleadings," Doc.

14, be GRANTED and Plaintiff's claims for retaliation and failure to accommodate be DISMISSED.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: October 4, 2017

David S. Cayer
United States Magistrate Judge